**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **JOHN B. HOLWAY,** | ) | |
| | ) | |
| **Plaintiff.** | ) | |
| | ) | |
| **v.** | ) | **Case No. 04-443-CV-W-GAF** |
| | ) | |
| **THE NEGRO LEAGUES BASEBALL** | ) | |
| **MUSEUM, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Presently before the Court is a Motion for Summary Judgment filed by the Defendant, The Negro Leagues Baseball Museum, Inc. ("Museum"). (Doc. #142). The Plaintiff, John B. Holway ("Holway"), opposes this Motion. (Doc. #155). The Museum argues that it is entitled to summary judgment because Holway's claims are barred by either the two-year or the five-year statute of limitations found in Mo. Rev. Stat. § 184.116(1). Holway contends that the Museum has failed to comply with the statutory notice provisions attached to the two-year statute of limitations. Holway further argues that genuine issues of material fact exist regarding application of the five-year statute of limitations which preclude summary judgment. Having carefully considered the facts and arguments submitted by the parties, the Museum's Motion for Summary Judgment is DENIED.

**DISCUSSION**

**I.      Facts**

1

Holway filed this action seeking compensation for rare and priceless tape recordings of former Negro League baseball players which he allegedly loaned to the Museum in 1993. (Doc. #10, Ex. 3). Sometime before September 30, 1997, Holway inquired as to the whereabouts of his tapes. On September 30, 1997, Larry Lester ("Lester"), the Museum's former research director, sent an e-mail to Holway stating:

> The reel-to-reel tape and the transcripts of your interviews are housed at The Negro Leagues Baseball Museum. I would contact [D]on [M]otley or Ray Doswell about their availability. When your items were donated Janet Bruce (Campbell) had some college students ready to file the hard copies, but [M]otley never followed up with her. Doswell is the curator and he may have filed the copies and transferred the tapes to cassette by now. He was hired about [sic] your donation, and may not know where they are. Their phone number is 816-221-1920.

(Doc. #143, Ex. 2). Holway challenges the admissibility of this e-mail arguing that the Museum has failed to properly authenticate or otherwise establish the requisite foundation for this document. (Doc. #155).

On November 22, 1997, Holway sent an e-mail to Lester telling him that "the museum can't find the tapes I sent. They're still looking, but . . ." (Doc. #143, Ex. 4). In his Opposition to the present Motion, Holway argues "that one could infer from the [November 22, 1997 e-mail message] that [Holway] had been told by someone at the [Musuem] that the museum was currently attempting to locate his audiotapes." (Doc. #155). Holway further argues that the November 22, 1997 e-mail may not be considered by this Court because the Museum has failed to authenticate or lay a proper foundation for this document. Id.

When questioned about the November 22, 1997 e-mail message, Holway testified in his deposition that he may have been referring to a phone call with Don Motley ("Motley"). (Pl.'s Dep. 131:22-23). In his deposition, Holway stated the following about his phone call(s) with Motley:

2

> Q:      . . . [D]o you ever recall contacting anyone at the Museum directly, such as Mr.
>          Motley, to check on the status of the materials that you provided the Museum?
> A:      Well, I think I did call Don Motley at one point but – and this was after we had
>          asked him to send the tapes back – he said he couldn't find them.  And I think I
>          talked to him but he repeated that, Sorry, we just can't find them, he had looked.
> Q:      Was that a phone conversation?
> A:      Yes, by phone.
> Q:      Do you remember when that was?
> A:      No.  But I guess it must have been after '98.

(Pl.'s Dep. 126:21-127:9).  Holway testified that the November 22, 1997 e-mail message stating, "the

museum can't find the tapes I sent.  They're still looking, but . . ." may refer to a phone call he had with

Motley.  However, Holway testifies that the phone conversation with Motley occurred after the e-mail.

Due to the contradiction in Holway's testimony, the Court will not consider this evidence.

On August 11, 1998, Holway, through a lawyer, demanded the return of his audiotapes in writing.

(Doc. #143, Ex. 5).  Raymond Doswell ("Doswell"), the curator of the Museum, sent a letter to Holway

on August 28, 1998, stating:

> Enclosed you will find a copy of a letter to Mr. Lester regarding the tapes.  After a
> thorough search of our records and materials, we are unable to locate information
> regarding your loan.  We know that Mr. Lester did not deliver the tapes to the museum in
> 1993 and may still have them.  He has been asked to surrender them by September 8,
> 1998.  Once they are received here, they will be sent to you immediately.

(Doc. #143, Ex. 6).

On August 27, 2003, Holway filed this action for damages against the Museum in the United States

District Court for the Eastern District of Virginia asserting claims for breach of contract (Count I),

negligence (Count II) and conversion (Count III).  (Doc. #10, Ex. 3).  The case was transferred to the

United States District Court for the Western District of Missouri on May 13, 2004, based on the lack of

Case 4:04-cv-00443-GAF   Document 168   Filed 12/15/05   Page 3 of 13

personal jurisdiction over the Museum in Virginia. (Doc. #10). Holway recently abandoned his conversion claim.[1]

The Museum contends that it is entitled to summary judgment pursuant to Mo. Rev. Stat. § 184.116(1) because Holway failed to file his cause of action for damages within two years of receiving notice that the Museum had lost his tapes. Holway claims that he did not receive proper notice of the Museum's loss of Holway's tapes because the Museum failed to comply with the statutory and administrative notice provisions set forth in Mo. Rev. Stat. §§ 184.116(1), 184.104, 184.108 and Mo. Code Regs. Ann. tit. 4, § 25-2.020.

The Museum further argues that Holway's cause of action is barred by Mo. Rev. Stat. § 184.116(1) because Holway's action for damages was filed more than five years after the Museum lost Holway's tapes. Holway has set forth specific facts showing that a genuine issue of material fact exists for trial regarding whether and when the loss of the tapes occurred.

## II. Standard

The Museum filed this Motion for Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. According to this Rule, summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering this Motion, the Court views all facts in the light most

---

[1] *See* Holway's Suggestions in Opposition to Defendant's Motion for Summary Judgment with Regard to Damages (Doc. #156) at p. 8 wherein Holway states, "The Defendant [sic] abandons his claim for conversion and will proceed to trial solely upon the bailment theory and the negligence theory."

4

favorable to Holway and gives him the benefit of all reasonable inferences. *See* <u>Prudential Ins. Co. v. Hinkel</u>, 121 F.3d 364, 366 (8th Cir. 1997). The Court will not weigh the credibility of the evidence, but rather will focus on whether a genuine issue of material fact exists for trial. <u>Roberts v. Browning</u>, 610 F.2d 528, 531 (8th Cir. 1979); <u>United States v. Porter</u>, 581 F.2d 698, 703 (8th Cir. 1978).

An issue of material fact is "genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." *See* <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986). When the evidence supports conflicting conclusions, a *genuine* issue of material fact exists and summary judgment should be denied. <u>Kells v. Sinclair Buick—GMC Truck, Inc.</u>, 210 F.3d 827 (8th Cir. 2000) (emphasis added). The "materiality" of a disputed fact is determined by the substantive law governing the claim. <u>Anderson</u>, 477 U.S. at 248. "Disputes over facts that might affect the outcome of the lawsuit according to applicable substantive law are material." <u>Liebe v. Norton</u>, 157 F.3d 574, 578 (8th Cir. 1998) *citing* <u>Anderson</u>, 477 U.S. at 248.

The Museum bears the burden of proving the absence of disputed material facts. *See* <u>Prudential Ins. Co.</u>, 121 F.3d at 366. The burden then shifts to Holway to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If Holway fails to establish a factual dispute on an essential element of his case, the Court will proceed to determine whether the Museum is entitled to judgment as a matter of law. *See* <u>E.E.O.C. v. Woodbridge Corp.</u>, 263 F.3d 812, 814 (8th Cir. 2001).

The summary judgment rule is intended "to isolate and dispose of factually unsupported claims" and should be applied to accomplish this purpose. <u>Prudential Ins. Co.</u>, 121 F.3d at 366. In the interest of promoting judicial economy, summary judgment should be granted to prevent the trial of cases lacking a genuine issue of material fact. <u>Inland Oil and Transp. Co. v. U.S.</u>, 600 F.2d 725, 728 (8th Cir. 1979).

5

III.    Analysis

The Museum contends that Holway's claims are barred by either the two-year or the five-year statute of limitations found in Mo. Rev. Stat. § 184.116(1):

> No action for damages shall be brought against a museum because of injury to or loss of property on loan to the museum more than two years from the date the museum gives the lender or claimant notice of the injury or loss or five years from the date of the injury or loss, whichever occurs earlier.

A.    *Two-Year Statute of Limitations*

Missouri law requires Holway to file an action for damages within two years from the date the Museum gave notice to Holway of the property loss. *See* Mo. Rev. Stat. § 184.116(1). The general requirements for providing "notice" are set forth in Mo. Rev. Stat. § 184.104:

> **Notices, information content – notice to be given by restricted certified mail – deemed delivered, when, procedure – locale of museum, how determined**
> 1.    In addition to any other information prescribed for a particular notice, all notices given by a museum pursuant to sections 184.101 to 184.122 shall contain the following information:
>     (1)    The lender's or claimant's name;
>     (2)    The lender's or claimant's last known address;
>     (3)    A brief description of the property on loan to the museum referenced in the notice;
>     (4)    The date of the loan, if known, or the approximate date of acquisition of the property;
>     (5)    The name of the museum; and
>     (6)    The name, address, and telephone number of the appropriate official or office to be contacted regarding the property.
> 2.    All notices given by a museum pursuant to sections 184.101 to 184.122 shall be mailed by restricted certified mail to the lender's or claimant's last known address shown on the museum's records. Notice is deemed given as of the date of receipt by the lender or claimant if the museum receives proof of receipt by the lender or claimant within thirty days after mailing the notice.

6

The specific requirements for providing a lender "notice" of loss or injury to property is set forth in Mo.

Rev. Stat. § 184.108:

> **Loss or injury to property – notice to lender, content, rules – publication not required.**  A museum shall give the lender or claimant written notice of any known injury to or loss of loaned property, in the form required under this section.  The director shall adopt by rule a form of notice of injury or loss, no later than December 31, 1991, and shall distribute the rule and form to all identified museums in this state within sixty days after the promulgation of the rule.  The notice shall be mailed to the lender's or claimant's last address of record within thirty days after the date on which the injury or loss is first known by the museum.  Published notice of injury to or loss of undocumented property shall not be required.

The term "director" as used in § 184.108 is defined by § 184.01(3) as "the Director of the Department of Economic Development."  Therefore, the "form" required by § 184.108 for providing a lender with notice of injury or loss to property, is the form adopted by the Director of the Department of Economic Development by legislative mandate for this purpose.  The form, "Notice of Injury to or Loss of Property on Loan" adopted by the Director of the Department of Economic Development is found as Appendix A to Mo. Code Regs. Ann. tit. 4, § 25-2.020.  Mo. Code Regs. Ann. tit. 4, § 25-2.020 provides:

> **Notice of Injury to or Loss of Property on Loan**
> PURPOSE: This rule establishes a form where the museum shall give the lender or claimant written notice of injury to or loss of property on loan to a museum pursuant to the Museum Property Act.
> The Department of Economic Development adopts the attached form in Appendix A as the Notice of Injury to or Loss of Property on Loan pursuant to the Museum Property Act.

The form adopted by the Department of Economic Development, pursuant to Mo. Code Regs. Ann. tit. 4, § 25-2.020 and attached to that Rule as Appendix A, is designed to provide a lender or claimant, such as Holway, with notice that a museum, "[i]n accordance with the Museum Property Act, Section 184.101-

7

122 RSMo 1992," is invoking the Act and "officially informing the lender of injury to or loss of the property on loan . . ."

There is no dispute that the Museum failed to comply with the statutory notice requirements of Mo. Rev. Stat. §§ 184.116(1), 184.104, 184.108 and Mo. Code Regs. Ann. tit. 4, § 25-2.020. The Museum argues that even though it did not comply with these statutory provisions, "the clear intent of the notice provisions is to put the lender on notice that there is a problem" and Holway was on notice as early as November 1997 that the Museum could not locate his tapes. (Doc. #143). The Museum further argues that the August 28, 1998 letter from Ray Doswell to John Holway contains virtually every requirement of the notice provisions of Mo. Rev. Stat. § 184.104, lacking only in its method of delivery (the letter was sent via U.S. First Class Mail rather than "restricted certified mail"). Id. Essentially, the Museum argues that it substantially complied with the statutory notice provisions, and that should be sufficient to warrant summary judgment in its favor.

The Court respects the extensive notice provisions promulgated by the Missouri legislature in Mo. Rev. Stat. §§ 184.116(1), 184.104, 184.108 and the Missouri Department of Economic Development in Mo. Code Regs. Ann. tit. 4, § 25-2.020 and is not persuaded that substantial compliance is sufficient to satisfy these requirements. Based on these extensive statutory and administrative provisions, the state of Missouri intends that a museum provide a lender with thorough and explicit notice of the loss of the lender's property. The Court is not prepared to override these notice requirements and find that Holway had received notice that the Museum had lost his tapes based on the November 12, 1997 e-mail and the August 28, 1998 letter.

To provide Holway with notice that the Museum had lost his tapes, thereby invoking the two-year statute of limitations set forth in Mo. Rev. Stat. § 184.116(1), the Museum must have completed the requisite form, "Notice of Injury to or Loss of Property on Loan," and comply with the requirements of Mo. Rev. Stat. §§ 184.104 and 184.108. As the Museum failed to comply with these statutory and administrative notice provisions, the two-year statute of limitations has not been invoked and will not function to bar Holway's claims. The Museum's Motion for Summary Judgment on the basis of the two-year statute of limitations found in Mo. Rev. Stat. § 184.116(1) is DENIED.

## B.    Five-Year Statute of Limitations

Missouri law requires Holway to file an action for damages within five years from the date of the injury or property loss. *See* Mo. Rev. Stat. § 184.116(1). Holway filed his complaint on August 27, 2003; therefore, Holway's action for damages must be based on loss that occurred after August 27, 1998. The Museum contends that Holway's action for damages is untimely because the record reveals that the loss occurred prior to August 27, 1998.

Missouri law offers little guidance in defining when property is lost. The Missouri Supreme Court has defined lost property as follows:

> To be lost, [property] must have been unintentionally or involuntarily parted with, in which case it is also an object which may be found, and the finder is entitled to the possession against everyone but the true owner. But, if it is intentionally put down, it is not lost in a legal sense, though the owner may not remember where he left it, and cannot find it, for 'the loss of goods, in legal and common intendment, depends upon something more than the knowledge or ignorance, the memory or want of memory, of the owner [possessor] at any given moment.'

Foster v. Fidelity Safe Deposit Co., 174 S.W. 376, 378 (Mo. 1915) *quoting* Lawrence v. State, 20 Tenn. 228 (Tenn. 1839). Therefore, pursuant to the Missouri common law definition of lost property, the facts

9

must establish that the Museum "unintentionally or involuntarily parted with" Holway's tapes to invoke the five-year statute of limitations. Black's Law Dictionary provides this Court with further guidance on the definition of "lost property:"

> Property which the owner [possessor] has involuntarily parted with, through neglect, carelessness or inadvertence, and does not know where to find or recover it, not including property which he has intentionally concealed or deposited in a secret place for safe-keeping. Distinguishable from mislaid property which has been deliberately placed somewhere and forgotten.

Black's Law Dictionary 946 (6th Ed. 1990). Accordingly, the Museum must prove that it "involuntarily parted with" Holway's tapes "through neglect, carelessness or inadvertence and does not know where to find or recover" the tapes to establish that they were lost.

The Court finds that whether and when the tapes were lost is a question of fact for the jury. The primary evidence the Museum offers in support of its argument that the tapes were lost prior to August 27, 1998 is the November 22, 1997 e-mail from Holway to Lester. A reasonable factfinder could conclude based on Holway's statement in this e-mail, "the museum can't find the tapes I sent. They're still looking, but . . .," that the Museum had lost Holway's tapes. Conversely, a reasonable factfinder could conclude that because the Museum was still looking for Holway's tapes, they were not in fact lost.

The other evidence offered by the Museum in support of their argument that the loss occurred prior to August 27, 1998 is the September 30, 1997 e-mail from Lester to Holway. In that e-mail Lester states, "The reel-to-reel tapes and the transcripts of your interviews are housed at The Negro Leagues Baseball Museum." Lester proceeds to state, "I would contact . . . Ray Doswell about their availability . . . Doswell is the curator . . . He was hired about [sic] your donation, and may not know where they are." A reasonable factfinder could conclude based on Lester's assertion that Holway's tapes "are housed at The

10

Negro Leagues Baseball Museum," that the Museum had the tapes in its possession and, therefore, they were not lost. However, the statement that "Dowell . . . may not know where [the tapes] are" could support a factfinder's conclusion that the tapes were lost.

Holway contests the admissibility of both the November 22, 1997 and the September 30, 1997 e-mails. Holway asserts that the Museum failed to lay the proper foundation and establish the authenticity of these documents and, therefore, they may not be considered by the Court in this Motion for Summary Judgment. (Doc. #155). Assuming, *arguendo*, that these e-mails are admissible, they offer both evidence that the tapes were lost and evidence that the tapes were not lost. Accordingly, these e-mails reveal that a genuine issue of material fact exists for trial.

Finally, the Museum argues that the tapes must have been lost before August 27, 1998, based on the letter the Museum sent Holway on August 28, 1998. In this letter Dowell states:

> Enclosed you will find a copy of a letter to Mr. Lester regarding the tapes. After a thorough search of our records and material, we were unable to locate information regarding your loan. We know that Mr. Lester did not deliver the tapes to the museum in 1993 and may still have them. He has been asked to surrender them by September 8, 1998. Once they are received here, they will be sent to you immediately.

A reasonable factfinder could conclude that Holway's tapes were lost sometime before August 27, 1998 because the August 28, 1998 letter from Doswell to Holway advised that "[a]fter a thorough search" the tapes could not be located and that "thorough search" necessarily occurred before the date of the letter. Conversely, a reasonable factfinder could conclude that because the Museum had reason to believe that Lester possessed the tapes and the Museum was taking steps to secure their return, the tapes were not lost.

11

This evidence, viewed in its entirety, could support a factfinder's conclusion that the tapes were lost prior to August 27, 1998. A factfinder could infer from the evidence in the record that the Museum had "unintentionally or involuntarily" parted with the tapes. Conversely, a reasonable factfinder could conclude that the tapes were not lost prior to August 27, 1998 based on the Museum's representations that they were actively looking for the tapes. If the tapes were lost, the Museum would not know where to find or recover them. Apparently, the Museum still had some idea where the tapes were located or it wouldn't have continued to look for the tapes. A genuine issue of material fact exists regarding whether and when the tapes were lost. Accordingly, the Museum's Motion for Summary Judgment on the basis of the five-year statute of limitations found in Mo. Rev. Stat. § 184.116(1) is DENIED.

## CONCLUSION

The Museum asserts that Holway's action is barred by either the two-year or the five-year statute of limitations found in Mo. Rev. Stat. § 184.116(1). The Court finds that the Museum has failed to comply with the statutory and administrative notice provisions set forth in Mo. Rev. Stat. §§ 184.116(1), 184.104, 184.108 and Mo. Code Regs. Ann. tit. 4, § 25-2.020 and, therefore, the two-year statute of limitations has not been invoked. The Court further finds that a genuine issue of material fact exists regarding whether and when Holway's tapes were lost, thereby precluding summary judgment on the basis of the five-year statute of limitations. Based on the foregoing analysis, the Museum's Motion for Summary Judgment (Doc. #142) is DENIED.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE

United States District Court

DATED:    December 15, 2005